### The Monterey, Cooper's Plains, Painted Post and Corning Plank Road Company *vs.* Faulkner.

The penalty of $25, imposed by statute upon any person who shall "forcibly or fraudulently pass any gate" on any turnpike or plank road, without having paid the legal toll, is not incurred by an individual who merely passes through a gate with his team, and offers a bank bill in payment of the toll, and refuses to pay in any other way.

To constitute a forcible passage of a gate, the passage must be effected by actual force, or by at least offering some violence, to overcome, remove or prevent the obstacle created by the gate.

To make the passage fraudulent, some artifice must be employed, or some deception practiced on the toll-gatherer

APPEAL from a judgment of the Steuben county court. The action was commenced before a justice of the peace, to recover of the defendant a penalty of $25 for forcibly passing a toll-gate of the plaintiffs. The justice rendered a judgment in favor of the plaintiffs, for the penalty, and costs, and on appeal, the county court reversed the judgment. The plaintiffs appealed to the supreme court.

*W. Irvine,* for the appellants.

*George B. Bradley,* for the respondent.

*By the Court,* T. R. Strong, J. The revised statutes in respect to turnpike corporations, (*vol.* 1, *p.* 584, § 35,) provide

Monterey &c. Plank Road Company *v*. Faulkner.

that " each toll-gatherer may detain and prevent from passing through his gate, the persons riding, leading or driving animals or carriages subject to toll, until they shall have paid, respectively, the tolls authorized by law." By § 64, ib. p. 588, a penalty of $25 is imposed upon every person who shall " forcibly or fraudulently pass any gate," on any turnpike road, without having paid the legal toll. These provisions are made applicable to plank road companies, by chap. 71, § 2 of the laws of 1850.

This action was brought to recover a penalty alleged to have been incurred by the defendant under § 54, above cited, by forcibly passing a toll-gate of the plaintiffs. The only evidence in the case in respect to the passing of the gate by the defendant was, that the defendant, with a span of horses, passed through the gate and was requested, by a person in charge, to pay the toll; that the defendant offered a bank-bill in payment, and refused to pay in any other way. This falls far short of what was required to maintain the action. To constitute a forcible passage of a gate, the passage must be effected by actual force, as opening the gate, taking hold of and keeping it open, or some other similar act, or at least offering some violence to overcome, remove or prevent the obstacle of the gate to the passage. Nothing less than this will satisfy the fair import of the term "forcibly," as used in the statute, or the spirit of the provision of which it is a part.

The legislature obviously intended the exercise by the toll-gatherer, of the authority given to him to detain and prevent persons from passing the gate until they had paid the toll, as the ordinary means of enforcing payment, and to impose a penalty in those cases only where the ordinary means are rendered ineffectual by such force as above described, or by fraud, leaving the company, in all cases where their agent omits to employ those means, to the remedy by action.

It is not alleged in the complaint in this case that the passage of the gate by the defendant was fraudulent, but if it was, I should hold that the evidence did not sustain the allegation. Some artifice must be employed, or some deception practiced on the toll-gatherer, in effecting the passage, to make it fraudulent.

---

The People *v.* Clark.

---

It is not necessary to consider other questions in the case. The judgment before the justice was properly reversed in the county court, and the judgment of the latter court must be affirmed.

[MONROE GENERAL TERM, December 3, 1855.   *Selden, T. R. Strong* and *Welles,* Justices.]